CITY OF BAYONNE, APPELLANT, v. GEORGE H. KRAMER ET AL., SUBSTITUTED ANCILLARY RECEIVERS, ETC., ET AL., RESPONDENTS.

Submitted February 14, 1936—Decided May 14, 1936.

For the appellant, *Alfred Brenner*.

For the respondents, *Edward P. Stout*.

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Judge Brown, sitting as Supreme Court commissioner, in the Supreme Court.

PERSKIE, J. (Dissenting.) In the case of *Maginnis* v. *Rutherford* (*Supreme Court*, 1906), 73 *N. J. L.* 287, Mr. Justice Swayze definitely held that there is a distinction between a tax sale to a city itself and a tax sale to an independent and *bona fide* purchaser. In the former circumstance "a certificate of sale to the city, in effect, maintains its lien for taxes and assessments in *statu quo*. Everything is in *fieri* until a declaration of sale, duly executed and recorded, divests the title of the owner. Until that is accomplished, the taxes and assessments are still unsatisfied and unpaid, and, as such, are subject to adjustment under this act." *In re Commissioners*, 49 *Id.* 488 (at *p.* 502); *Maginnis* v. *Rutherford, supra* (at *p.* 290). In the latter circumstance, the ordinary rule, of course, applies, and is that a tax sale for a particular year's assessment is to destroy, cancel and obliterate the preceding taxes. See cases cited in the memorandum of the court below and adopted by this court.

The aforesaid distinction finds support in right, reason and law. On the one hand, it protects an innocent purchaser; it merely makes such a purchaser pay for that which he agreed to buy. On the other hand, it protects the city's lien for taxes due it until the same is paid and satisfied. The right of a city, in the absence of other buyers, to buy at its own tax sales was certainly not intended to result in injury or damage to itself. Compare chapter 124, *Pamph. L.* 1928, *p.* 251. The effect of the majority holding is to the contrary.

This will obviously create great confusion in, and injury to, the financial status of each city which necessarily relies on the payment of taxes as the main source of its revenue. To deprive a city of that revenue, under the circumstances exhibited in this cause, finds no support in right, or in the cases upon which the majority rest their judgment of affirmance. Nor does section 25 of the act known as the "tax sale revision" (*Pamph. L.* 1918, *p.* 888), support the judgment. The pertinent provisions of that section merely gives a municipality, when it becomes the purchaser at the tax sale, "*the same remedies and rights as other purchasers,* including the right to bar or foreclose the right of redemption." It

does not deprive it of the taxes rightly due and owing to it. Nor does it change the basic distinction pointed out in the case of *Maginnis* v. *Rutherford, supra,* which, I think, is controlling and dispositive of the case at bar.

I think that the judgment below should be reversed.

Chief Justice Brogan and Mr. Justice Heher join in this opinion.

*For affirmance*—THE CHANCELLOR, LLOYD, CASE, BODINE, DONGES, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 10.

*For reversal*—THE CHIEF JUSTICE, HEHER, PERSKIE, JJ. 3.